**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS WESTERN DIVISION**

| | |
|---|---|
| Staci W.,<br><br>*Plaintiff*,<br><br>*v.*<br><br>Frank J. Bisignano,<br>Commissioner of Social Security,<br><br>*Defendant*. | Case No. 3:25-cv-50374<br><br>Honorable Michael F. Iasparro |

## MEMORANDUM OPINION AND ORDER

Plaintiff Staci W. brings this action under 42 U.S.C. § 405(g) seeking reversal or a remand of the decision denying her application for disability insurance benefits.[1] For the reasons set forth below, the Commissioner's decision is affirmed.

## BACKGROUND

On September 26, 2022, Plaintiff filed an application for disability insurance benefits alleging a disability onset date of October 1, 2019. R. 170. Following a hearing, an Administrative Law Judge ("ALJ") issued an unfavorable decision on December 20, 2024, finding that Plaintiff is not disabled. R. 15-26. The ALJ concluded that Plaintiff has the residual functional capacity ("RFC") to perform work at the sedentary level except that she can "never climb ladders, ropes or scaffolds; occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl; and is able to tolerate occasional exposure to unprotected heights, dangerous heavy moving machinery and extreme cold." R. 20. The ALJ found that Plaintiff is unable to perform past relevant work but there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. R. 24-25.

The Appeals Council denied Plaintiff's request for review on August 18, 2025, making the ALJ's decision the final decision of the Commissioner. R. 1-6; 20 C.F.R. § 404.900(a)(5). Plaintiff then filed this action seeking judicial review.

## STANDARD OF REVIEW

A reviewing court may enter judgment "affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). If supported by substantial evidence, the Commissioner's factual findings are conclusive. *Id.* The court's review of the Commissioner's findings is subject to "a very deferential standard." *Thorlton*

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings pursuant to 28 U.S.C. § 636(c). *See* Dkt. 17.

*v. King*, 127 F.4th 1078, 1081 (7th Cir. 2025). When reviewing the ALJ's decision, the court's inquiry is limited to determining whether the ALJ's decision is supported by substantial evidence or resulted from an error of law. *Mandrell v. Kijakazi*, 25 F.4th 514, 515 (7th Cir. 2022). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). "The threshold for substantial evidence 'is not high.'" *Warnell v. O'Malley*, 97 F.4th 1050, 1052 (7th Cir. 2024) (quoting *Biestek*, 587 U.S. at 103). The substantial evidence standard is satisfied when the ALJ provides "an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Warnell*, 97 F.4th at 1054 (internal quotation marks and citation omitted). To determine whether substantial evidence exists, the court reviews the record as a whole but "will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute [its] judgment for the ALJ's determination so long as substantial evidence supports it." *Id.* at 1052–53; *Beardsley v. Colvin*, 758 F.3d 834, 836 (7th Cir. 2014). Thus, "we will reverse an ALJ's decision only if the record compels a contrary result." *Thorlton*, 127 F.4th at 1081 (citation modified).

## DISCUSSION

Plaintiff challenges the Commissioner's decision on four grounds: (1) the ALJ did not properly consider Plaintiff's aggregate mental symptoms as caused by both her mental and physical impairments; (2) the ALJ did not properly consider Plaintiff's fibromyalgia and obesity; (3) the ALJ cherry-picked evidence to support her analysis of Plaintiff's subjective symptoms; and (4) the ALJ did not adequately explain her evaluation of the persuasiveness of the medical opinions of record. Dkt. 11. As explained in further detail below, the Court does not find that any of these alleged errors warrant remand.

1) Aggregate mental symptoms

Plaintiff first argues that the ALJ did not account for any mental limitations in the RFC despite there being sufficient evidence to show that Plaintiff experienced such limitations as a result of both her physical and mental impairments. Dkt. 11, at 10-11. Specifically, Plaintiff argues that "the ALJ [failed to] consider the effects of Plaintiff's widespread pain, fatigue, or debilitating headaches on her ability to sustain even simple tasks on a full-time basis." Dkt. 11, at 11.

Plaintiff is correct that the ALJ must consider Plaintiff's impairments "in concert . . . to determine their collective effect on her ability to work." *Thomas v. Colvin*, 745 F.3d 802, 807 (7th Cir. 2014). But the ALJ here did exactly that. The ALJ, on multiple occasions, recognized that Plaintiff complained of widespread pain, fatigue, and headaches. *See, e.g.*, R. 21 ("She reported . . . pain throughout her body from rheumatoid arthritis and sciatica, headaches . . ."), R. 22 ("she reported leg pain . . . and fatigue."). The ALJ also recognized that on other occasions, Plaintiff denied experiencing pain and headaches. *See, e.g.*, R. 23 ("in May 2023, she denied joint pain, myalgias, arthralgias, back pain"); R. 24 ("no headaches"). Thus, the ALJ simply found that Plaintiff's fatigue and intermittent pain and headaches did not warrant any further restrictions beyond those included in the RFC. Plaintiff has not pointed to any evidence even drawing that conclusion into question, let alone "evidence *compelling* the conclusion that the adverse disability

decision lacks substantial support in the record." *Morales v. O'Malley*, 103 F.4th 469, 470 (7th Cir. 2024) (emphasis added).

Plaintiff also suggests that further restrictions should have been included in the RFC to account for her "likely deficits in the ability to sustain the on-task and attendance requirements of full-time work." Dkt. 11, at 9. But *likely* deficits are not enough to establish the actual existence of any limitations. *See Weaver v. Berryhill*, 746 Fed. App'x 574, 579 (7th Cir. 2018) (unpublished) ("It was Weaver's burden to establish not just the existence of the conditions, but to provide evidence that they support *specific* limitations affecting her capacity to work." (emphasis added)). This is particularly true here as the ALJ provided substantial support for her conclusion that none of Plaintiff's mental limitations were any more than mildly restrictive. R. 18-19. Despite Plaintiff's argument to the contrary, the overwhelming majority of this circuit's precedent does not require that an ALJ include restrictions in the RFC to account for mild paragraph B limitations. *Compare Hovi v. Colvin*, No. 12-C-169, 2013 WL 3989232, at *16 (W.D. Wis. Aug. 2, 2013) ("Courts in this circuit have consistently held that an ALJ's *unexplained* failure to include even mild limitations in concentration, persistence, and pace in the RFC warrants remand." (emphasis added)), *with Kruckow v. Bisignano*, No. 23-2433, 2026 WL 27807, at *3 (7th Cir. Jan. 5, 2026) (unpublished) (affirming where "the ALJ considered Kruckow's mental limitations but did not find them significant enough to limit his work capacity"). Moreover, Plaintiff "has failed to come forward with medical evidence to establish that her [mental impairments] would impede her ability to do sedentary work or that [they] required any limitations beyond those set forth by the ALJ." *Durham v. Kijakazi*, 53 F.4th 1089, 1096 (7th Cir. 2022). Thus, remand is not warranted on this basis.

2) Fibromyalgia and obesity

Plaintiff also alleges that the ALJ did not properly consider Plaintiff's fibromyalgia and obesity in either the step three analysis or in the RFC assessment. Dkt. 11, at 12-13. But in making this argument, Plaintiff apparently misunderstands what her role is on appeal. It is not enough to nitpick the ALJ's analysis; Plaintiff must point to evidence that "compels a contrary result" from that reached by the ALJ. *Thorlton*, 127 F.4th at 1081 (quoting *Deborah M. v. Saul*, 994 F.3d 785, 788 (7th Cir. 2021)). Plaintiff has made no attempt to do so.

Plaintiff first challenges the ALJ's step three analysis for "failing to explain why there was no listing level equivalence" for Plaintiff's fibromyalgia. Dkt. 11, at 12. Because there is no listing for fibromyalgia, the ALJ must "determine whether [fibromyalgia] medically equals a listing (for example, listing 14.09D in the listing for inflammatory arthritis), or whether it medically equals a listing in combination with at least one other medically determinable impairment." *SSR 12-2p: Evaluation of Fibromyalgia*, 2012 WL 3104869, at *6 (July 25, 2012). The ALJ explicitly considered Listing 14.09 but found that Plaintiff's impairments (either individually or when considered together) were not medically equal to it. R. 19. That is all that is required of the ALJ. *See SR 17-2p: Evidence Needed . . . To Make Findings About Medical Equivalence*, 2017 WL 3928306, at *4 (Mar. 27, 2017) ("Generally, a statement that the individual's impairment(s) does not medically equal a listed impairment constitutes sufficient articulation for this finding."). Moreover, Plaintiff has not pointed to any evidence that contradicts that conclusion. *See Warren v. Kijakazi*, No. 21-cv-007-wmc, 2022 WL 248047, at *3 (W.D. Wis. Jan. 27, 2022) ("[W]hether or not the ALJ should have considered the listing of inflammatory arthritis, plaintiff did not offer

evidence that she could have met its requirements . . . ."); *Heuschmidt v. Colvin*, No. 14 C 4377, 2015 WL 7710368, at *3 (N.D. Ill. Nov. 30, 2015) ("[A] claimant is required to identify the medical evidence showing that he or she would have satisfied the Step 3 criteria . . . .") Nor has Plaintiff alleged what other listing she believes the ALJ should have considered. *See Wilder v. Kijakazi*, 22 F.4th 644, 653 (7th Cir. 2022) ("It is worth reiterating that a claimant bears the burden of proof at step three.").

Plaintiff also faults the ALJ for "failing to explain why Plaintiff's fibromyalgia symptoms were consistent with full-time work" and "ignor[ing] the effects of Plaintiff's often morbid obesity in determining RFC." Dkt. 11, at 12-13. But it is not the ALJ's burden to show what Plaintiff can do despite her fibromyalgia and obesity; it is Plaintiff's burden to prove what she cannot. *See Summers v. Berryhill*, 864 F.3d 523, 527 (7th Cir. 2017); *see also Stepp v. Colvin*, 795 F.3d 711, 720 (7th Cir. 2015) ("[A]n ALJ's failure to explicitly consider an applicant's obesity is harmless if the applicant did not explain how her obesity hampers her ability to work." (citation omitted)). Plaintiff has made no attempt to even "hypothesize[]" what work restrictions she believes the ALJ should have included to account for her fibromyalgia or obesity symptoms. *Jozefyk v. Berryhill*, 923 F.3d 492, 498 (7th Cir. 2019). Thus, "there are no evidence-based restrictions that the ALJ could include in a revised RFC finding on remand." *Id.*

3) Subjective symptoms

Plaintiff then argues that there was "a good amount of cherry-picking" in the ALJ's subjective symptoms analysis. Dkt. 11, at 14. It is important to note that in order to satisfy Plaintiff's burden on appeal, she must "grappl[e] with the evidence" and "identify what evidence the ALJ overlooked or discounted." *Morales*, 103 F.4th at 471. Plaintiff has failed to do so.

Plaintiff correctly explains that the ALJ is "not free to ignore a line of evidence that suggests disability" but she makes no attempt to even hint at what line of evidence she believes the ALJ ignored here. Dkt. 11, at 14 (citing *Scrogham v. Colvin*, 765 F.3d 685 (7th Cir. 2014)). Plaintiff faults the ALJ for not assessing any hand limitations "despite diagnoses of carpal tunnel syndrome and synovitis." *Id.* at 14. But the ALJ considered these diagnoses.[2] R. 18. And diagnoses alone are not sufficient to show the existence of any symptoms or functional limitations. *See Gentle v. Barnhart*, 430 F.3d 865, 868 (7th Cir. 2005) ("Conditions must not be confused with disabilities.").

Plaintiff also faults the ALJ for relying on one consultative examination to conclude that Plaintiff did not use an assistive device but Plaintiff points to no evidence that would suggest this was an incorrect finding. Dkt. 11, at 14. It is not the Court's responsibility to hunt the record for such evidence. *See Hildreth v. Butler*, 960 F.3d 420, 429 (7th Cir. 2020) ("[I]t is not the court's job to scour the record in search of evidence . . . ." (internal quotation marks and citation omitted)). Moreover, it is clear that the ALJ was aware of Plaintiff's reported use of assistive devices (including a walker and a mobile chair/electric scooter). R. 21. The ALJ's decision to weigh Plaintiff's lack of an assistive device at her consultative examinations over the testimonial reports

[2] Although the ALJ did not explicitly recognize synovitis, she did discuss Plaintiff's arthritis which is, "in general, when unqualified, the same." Synovitis, *Stedmans Medical Dictionary* § 891270, Westlaw (database updated Nov. 2014).

from Plaintiff is a decision that the Court may not "second-guess." *Padua v. Bisignano*, 145 F.4th 784, 790 (7th Cir. 2025).

4) Medical opinion evaluation

Finally, Plaintiff argues that the ALJ's opinion evaluation was flawed. Dkt. 11, at 14-15. Specifically, Plaintiff faults the ALJ for "reject[ing] only one small portion of [Dr. Berger's] opinion" with no explanation[3] and for not giving proper deference to the opinion of Dr. Einhorn, Plaintiff's treating oncologist. Dkt. 11, at 15.

The ALJ did reject the portion of Dr. Berger's opinion that referenced Plaintiff's manipulative limitations but explained that this was because those limitations "are inconsistent with [Plaintiff's] ability to make a fist, pick up objects like a paper clip and coins, open and close the door, oppose the thumb to fingers, and flip pages." R. 24. The ALJ is entitled to partially credit a medical opinion and can reject portions that are inconsistent with the record. *See Heather W. v. Kijakazi*, No. 20 CV 132, 2022 WL 4386017, at *3 (N.D. Ill. Sep. 22, 2022) ("[A]n ALJ is not required to credit every part of a medical opinion just because he credits one part" so long as he "explain[s] why he adopted some . . . findings . . . but did not adopt others." (internal quotation marks and citation omitted)). It is unclear what further explanation Plaintiff believes is necessary.

Plaintiff also argues that the ALJ focused solely on Dr. Einhorn's opined attendance requirements while failing to address the remainder of Dr. Einhorn's opinion that described Plaintiff's ongoing "pain and other problems" as well as her "debilitating side effects." Dkt. 11, at 15. But the ALJ addressed all these complaints in her analysis of Plaintiff's subjective symptoms. And although it was brief, the ALJ's evaluation of Dr. Einhorn's opinion specifically referenced its supportability along with its lack of consistency, which is all that the ALJ is required to explicitly explain. *See Bakke v. Kijakazi*, 62 F.4th 1061, 1067-68 (7th Cir. 2023). Plaintiff suggests that the ALJ's explanation that Dr. Einhorn's opinion was inconsistent with Dr. Ramchandani's findings was an improper finding because Dr. Einhorn, as Plaintiff's treating oncologist, "is at least entitled to consideration if not some deference." Dkt. 11, at 15. But the ALJ clearly did consider Dr. Einhorn's opinion and, although Dr. Einhorn has a treating relationship with Plaintiff, this fact does not entitle Dr. Einhorn's opinion to any special deference. *See* 20 C.F.R. § 404.1520c(a) ("We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) . . . , including those from your medical sources."). This treating relationship is simply a consideration that "'may help' in assessing an opinion's persuasiveness." *Albert v. Kijakazi*, 34 F.4th 611, 614 (7th Cir. 2022) (quoting 20 C.F.R. § 416.920c(c)(3)(i)-(v)). Accordingly, the Court will not question the weight the ALJ found was appropriate to give Dr. Einhorn's opinion.

---

[3] Plaintiff also alleges that Dr. Berger's "silence on deficits in mental functioning was erroneously interpreted to mean that none existed." Dkt. 11, at 15. However, the ALJ made no mention of mental limitations in her evaluation of Dr. Berger's opinion and did not make the conclusion that Plaintiff is alleging. R. 24.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reversal or remand is denied, and the Commissioner's motion for summary judgment is granted. The Commissioner's decision is affirmed.

Entered: October 28, 2026

By: ______________________________
Michael F. Iasparro
United States Magistrate Judge